IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DANIEL R. HARDWICK,** : | |
| : | **Case No. 2:19-cv-5142** |
| **Plaintiff,** : | |
| : | **Chief Judge Algenon L. Marbley** |
| v. : | |
| : | **Magistrate Judge Chelsey M. Vascura** |
| **COMMISSIONER OF SOCIAL SECURITY,** : | |
| : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

This matter comes before the Court on the Magistrate Judge's July 14, 2020, **Report and Recommendation** (ECF No. 14), which recommended that Plaintiff's Statement of Errors (ECF No. 11) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**. Plaintiff filed an Objection pursuant to Fed.R.Civ.P. 72(b), to this Report and Recommendation (ECF No. 15) and Defendant submitted a Response to Plaintiff's Objection (ECF No. 16). This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the analysis therein.

### I.    BACKGROUND

Plaintiff, Daniel R. Hardwick, filed an application for Title II Social Security Benefits on January 21, 2016, alleging that he had been disabled since July 9, 2015. (R. 179). Plaintiff's application was denied and subsequently denied again upon reconsideration. (*Id.* at 82, 99). Plaintiff, represented by counsel, appeared and testified before Administrative Law Judge Jeffrey Hartranft (the "ALJ") at a hearing on August 3, 2018. (*Id.* at 40–65). A vocational expert ("VE") Eric Pruitt also appeared at the hearing and testified. (*Id.*). On December 6, 2018, ALJ Hartranft

1

found Plaintiff was not "disabled" within the meaning of the Social Security Act. (*Id.* at 10–33). On February 14, 2019, the Appeals Council denied Plaintiff's request for review and accepted the ALJ's decision as the Commissioner's final decision. (R. at 1–3). Plaintiff timely filed an action for review by Magistrate Judge Chelsey M. Vascura. (ECF No. 1).

Plaintiff's Statement of Errors sought reversal on the grounds that "[t]he ALJ improperly considered and evaluated the mental health opinion evidence of record." (ECF No. 11 at 7). Plaintiff asserted that the ALJ erred by giving partial weight to the opinions of both Floyd Sours, M.A., a psychological consulting examiner, and Judith Schwartzman, Psy.D., a state agency psychological reviewing consultant. (*Id.*) The Commissioner's Memorandum in Opposition argued that the ALJ's decision was supported by substantial evidence and that the ALJ, in noting that he was giving partial weight to both opinions, "explained why he was crediting some findings and rejecting others." (ECF No. 12 at 5–7).

In the administrative opinion, the ALJ followed the Social Security Administration's required five-step sequential analysis[1] to issue a decision finding that Plaintiff was not disabled

---

[1] Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five step sequential steps are as follows:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medial severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

within the meaning of the Social Security Act. (R. at 10–33). At step one, the ALJ found that since Plaintiff's alleged disability started on July 9, 2015, he has not engaged in substantial gainful activity. (*Id.* at 12). At step two, the ALJ found that Plaintiff had the severe impairments of astrocytoma, seizure disorder, adjustment disorder, and anxiety. (*Id*. at 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 13–14). In the fourth step, the ALJ set forth Plaintiff's RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except occasionally climb ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasionally balance; avoid workplace hazards such as unprotected heights and machinery; no commercial driving; simple routine and repetitive tasks, involving only simple work-related decisions and with few, if any workplace changes; no strict production quotas or fast-paced work such as on an assembly line; occasional interaction with the general public, coworkers, and supervisors with no customer service responsibilities.

(*Id*. at 16–17). Finally, the ALJ took into consideration the VE's hearing testimony to determine that Plaintiff is not disabled under the Social Security Act because he is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (*Id*. at 32).

On July 14, 2020, the Magistrate Judge issued a Report and Recommendation recommending that this Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner of Social Security. (ECF No 14). Plaintiff objects to the Magistrate Judge's findings. Plaintiff objects to the Magistrate Judge's finding that the ALJ's evaluation of the mental health opinions was not internally inconsistent and that the ALJ acted within his authority in reconciling contradictory opinions. (ECF No. 15 at 2). Plaintiff then primarily used his Objection

---

20 C.F.R. § 404.1520(a)(4).

to revive his claims from his Statement of Errors, regarding the ALJ's initial opinion. (*Id.* at 2–3). The Defendant submitted a Response in Opposition to the Plaintiff's Objection. (ECF No. 16).

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

## III. LAW AND ANALYSIS

Before the Magistrate Judge, Plaintiff asserted only one error: that the ALJ improperly considered and evaluated the mental health opinion evidence of record, leading to internal inconsistency in the ALJ's opinion. (ECF No. 11 at 7). The Magistrate Judge disagreed with Plaintiff's contention that the ALJ analysis, based on the mental health opinion evidence of record, was internally consistent. (ECF No. 14 at 8–9). Plaintiff objects to the Magistrate Judge's conclusion, reasserting that the ALJ improperly gave partial weight to two different experts—Mr. Sours and Dr. Schwartzman—who he asserts had such varying opinions that it would be

4

impossible to reconcile the two, as the ALJ purported to do. (ECF No. 15 at 2–3). Plaintiff also contends that the ALJ erroneously dismissed some opinions of one of the experts, Dr. Schwartzman. (*Id.* at 3). This Court finds that the Magistrate did not err in finding the ALJ's decision was not internally inconsistent and that it did not improperly omit Dr. Schwartzman's opinions.

Plaintiff's contention that the ALJ's decision was internally inconsistent because it gave partial weight to the opinions of both Mr. Sours and Dr. Schwartzman is unpersuasive. ALJs must consider all medical opinions that they receive in evaluating a claimant's case. 20 C.F.R. § 404.1527(c).  It is true that ALJs must give "good reasons" for their weighing of "treating source" opinions. *Livingston v. Comm'r of Soc. Sec.*, 776 F. App'x 897, 899 (6th Cir. 2019) (citing 20 C.F.R. § 404.1527(c)(2) and *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007)). An ALJ is also entitled to give less weight to a consultative examiner's opinion. *See Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 467 (6th Cir. 2017). Additionally, the ALJ does not have a duty to adopt medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 156–57 (6th Cir. 2009).

As the Magistrate Judge noted, Plaintiff did not submit medical opinions from any treating sources, but one examining psychologist (Floyd Sours, M.A.) and two non-examining psychologists (Paul Tangeman, Ph.D., and Judith Schwartzman, Psy.D.). (ECF No. 14 at 2–4). The ALJ discussed the opinions of Mr. Sours, Dr. Tangeman, and Dr. Schwartzman, giving "little weight" to the opinion of Dr. Tangeman and "partial weight" to the opinions of both Dr. Schwartzman and Mr. Sours in his evaluation of Mr. Hardwick's RFC. (R. at 28). The ALJ also considered the opinions of an occupational therapist, Leanne Kelly, and the claimant's treating neuro-oncologist, and also gave "partial weight" to both of their opinions. The ALJ provided

specific summaries of the opinions of each of these individuals, and he included an explanation as to how he decided to weigh each of their opinions. (*Id.* at 28–29). Plaintiff's contention that it would be impossible to reconcile the opinions of Mr. Sours and Dr. Schwartzman as they "stand at opposite ends of the evaluation spectrum," and to afford both opinions partial weight would be inconsistent, has no merit. As the Magistrate Judge explained, the ALJ produced an RFC that stood as a compromise between the opinions of Mr. Sours and Dr. Schwartzman. (ECF No. 14 at 9). By imposing slightly more limitations than recommended by Mr. Sours and slightly less limitations than recommended by Dr. Schwartzman, the ALJ clearly struck a balance that could credibly be said to be the result of partially crediting both of their opinions. (*Id.*). To find someone to be more limited than one expert would find, but not as limited as another would find, based on reconciling and evaluating both of their testimonies, is not inconsistent. The ultimate RFC is consistent with and incorporates many of the mental health medical opinions, including a limitation on workplaces with quotas or a fast pace, limited physical tasks, and simplified work tasks and routines. (R. at 16–17).

Plaintiff's objection to the omission of some of Dr. Schwartzman's opinions in the final ALJ opinion is also without merit. The Plaintiff contends that the ALJ did not expressly address Dr. Schwartzman's opined limitations regarding the need for flexibility in taking breaks and in pacing in the workplace. (R. at 92). As specifically addressed by the Magistrate Judge, taking breaks is logically encompassed within the Plaintiff's work schedule, which the ALJ discussed and ultimately found there was no need for a limitation. (ECF No. 14 at 10). Similarly, Dr. Schwartzman's recommendations regarding pacing are logically encompassed by the section of

the RFC limiting Plaintiff from having "strict production quotas or fast-paced work." (R. at 17). Such a result does not depart from providing partial weight to Dr. Schwartzman's opinion.

Given the specificity of the ALJ's findings and his decision to give both the testimony of Mr. Sours and Dr. Schwartzman "partial weight," despite differences in opinion between those non-treating sources, the Magistrate Judge did not err in affirming the ALJ's decision. Further, this Court's independent review of the ALJ's findings and the record reveals that the ALJ's decision was supported by substantial evidence in the record.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

                                            **ALGENON L. MARBLEY**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  November 3, 2020**